489 P.2d 261

**STATE of Arizona, Appellee,**

v.

**Travis BAILEY, Appellant.**

**No. 2192.**

Supreme Court of Arizona,
In Division.

Oct. 5, 1971.

Gary K. Nelson, Atty. Gen., by Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes and James H. Kemper, Deputy Public Defenders, Phoenix, for appellant.

HAYS, Vice Chief Justice.

The defendant, Travis Bailey, was tried by a jury and found guilty of burglary and rape. Testimony at the trial revealed that on the night of March 28, 1969, four men broke into the home of Susan Skinner and, after demanding her money, proceeded to rape and rob her. Miss Skinner was unable to identify the defendant as being one of her assailants. In the course of the trial, one Albert Huerta admitted he was one of the four men who participated in the crimes. He testified that the defendant was also among the four who attacked and robbed Miss Skinner.

It was the defendant's unrefuted testimony that he lived in Fort Worth, Texas, where he was employed as a truck driver. He testified that he was passing through Mesa from Los Angeles at the time of the crime and that he planned to stay with his cousin for a few days.

An officer for the Mesa Police Department testified that he had been unsuccess-

ful in his attempts to locate the defendant on or about April 2, 1969, about five days after the date of the crime. His conclusion was that the defendant had left the state.

Testimony was also received from a Maricopa County Deputy Sheriff that in December, 1969, he traveled to Fort Worth, Texas, to pick up the defendant who was being held in custody on a warrant issued by Maricopa County.

Based on the testimony of these two law enforcement officials, the court read an instruction to the jury which stated that flight of the accused was a circumstance to be taken into consideration in determining the guilt of the accused.

■ In determining whether an instruction on flight is warranted by the evidence, this court has followed the test laid down in State v. Owen, 94 Ariz. 404, 385 P.2d 700 (1963), rev'd on other grounds, 378 U. S. 574, 84 S.Ct. 1932, 12 L.Ed.2d 1041. There we stated that ordinarily, unless the flight be upon immediate pursuit, it is necessary to establish some concealment or attempted concealment on the part of the accused in order to constitute flight.

■ There was no showing on the part of the State that the defendant concealed himself or tried to conceal himself. In addition, the gravamen of flight is the defendant's leaving of the *scene* of the crime under circumstances that would suggest consciousness of guilt. People v. Herbert, 361 Ill. 64, 196 N.E. 821 (1935). *See also* State v. Rodgers, 103 Ariz. 393, 442 P.2d 840 (1968). Here the evidence shows only that the defendant left the *jurisdiction* of the crime.

We find no evidence to suggest that the defendant would have done anything other than return to Texas regardless of his guilt or innocence. The defendant lived in Texas and was in Mesa at the time of the crime only for a short visit.

■ Accordingly, we find that there was insufficient evidence to warrant an instruction on flight of the accused, and the

giving of such instruction constituted reversible error. We therefore find it unnecessary to review the other contentions raised by the defendant in his appeal.

The judgment is reversed and the cause remanded for a new trial.

STRUCKMEYER, C. J., and CAMERON, J., concur.