665 P.2d 590

STATE of Arizona, Appellee,

v.

Johnny Shelton EARBY, Appellant.

No. 1 CA–CR 5598.

Court of Appeals of Arizona, Division 1, Department B.

April 14, 1983.

Rehearing Denied May 10, 1983.

Review Denied June 22, 1983.

Robert K. Corbin, Atty. Gen., William J. Schafer III, Chief Counsel, Criminal Div., Asst. Atty. Gen. by Frank Dawley, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GRANT, Judge.

On the evening of September 19, 1979, while armed with a pistol, appellant Johnny Shelton Earby approached Tyree Muldrow, as Muldrow was sitting in a park talking with two young women. After a short personal argument concerning the relationship between Muldrow and appellant's 16-year-old sister, Muldrow ran from appellant whereupon appellant shot Muldrow twice. The first shot entered the victim's buttocks and exited through the front of his lower abdomen. Muldrow tried to run behind a tree whereupon appellant fired the second shot which struck Muldrow in the upper back. The bullet traveled through the victim's spinal column and lodged in his neck after perforating his esophagus. As Muldrow lay on the ground paralyzed, other people in the park, including his brother, rushed to his aid. Appellant ran from the park, spent the night with a friend and then left Phoenix the next morning for Indiana where he was arrested approximately one year later. One month after being shot, the victim died from complications arising out of the injury to his neck. Appellant was charged with second degree murder, tried to a jury and convicted of manslaughter in violation of A.R.S. §§ 13–1104 and 13–1103(A)(2). He then admitted to a prior dangerous nature felony conviction and was sentenced to a maximum term of twenty years imprisonment.

On appeal, appellant argues that the trial court gave improper instructions dealing with intent, flight, and self-defense. We disagree and affirm the judgment and sentence.

Appellant's first claim is that the jury instruction dealing with general intent unconstitutionally shifted the burden of proof to appellant. The trial court's instruction was as follows:

To constitute a crime there must be a combination of an act forbidden by law and an intent to do the act. Intent may be inferred from the defendant's voluntary commission of an act forbidden by law, and it is not necessary to establish that the defendant knew his act was a violation of law.

An almost identical general intent instruction was previously approved in *State v. Rodriguez*, 114 Ariz. 331, 560 P.2d 1238 (1977) where, as in the case at bar, the jury was otherwise instructed on the requisite state of mind required by the statute.[1] Nevertheless, appellant argues that *Rodriguez* is no longer valid in light of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) and *State v. Mincey*, 130 Ariz. 389, 636 P.2d 637 (1981).

▪ In *Sandstrom*, the court held that an instruction which stated that the law presumes that a person intends the ordinary consequences of his voluntary acts was in violation of the fourteenth amendment because the jury could have interpreted the instruction as a mandatory presumption. The court went on to hold that even if the instruction were considered to be rebuttable, it would be unconstitutional because it shifted the burden of production of evidence upon the defendant. A similar burden-shifting presumption was held unconstitutional in *Mincey*.

The instruction in the case at bar is clearly distinguishable from those in *Sandstrom* and *Mincey* in that it creates merely a permissive inference; i.e., it allows—but does not require—the jury to infer intent from the commission of the act and therefore places no burden upon the defendant.[2] The test for the constitutionality of a permissive inference was outlined in *County Court of Ulster Cty. v. Allen*, 442 U.S. 140, 157, 99 S.Ct. 2213, 2225, 60 L.Ed.2d 777, 792 (1979):

> Because this permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the "beyond a reasonable doubt" standard only if, under the facts of the case, there is no rational way the trier could

make the connection permitted by the inference. For only in that situation is there any risk that an explanation of the permissible inference to a jury, or its use by a jury, has caused the presumptively rational factfinder to make an erroneous factual determination.

Applying the test to appellant's case, it is clear that the facts display a rational connection between the acts committed by appellant and the permissible inference of intent to kill. The facts are uncontroverted that appellant shot at the victim with a gun which he knew was loaded. The appellant testified that he shot the victim out of fear for his own life. The inference that appellant intended to kill the victim is not only logical, but is almost compelled by the facts. Thus, we find that the instruction was proper.

▪ Turning to appellant's second argument, he claims that the flight instruction should not have been given because there was no evidence that he left the scene of the crime to evade arrest nor that his leaving Arizona was an attempted concealment. Appellant's general statement of the law is correct that merely leaving the scene of a crime is not sufficient evidence to support a flight instruction and such an instruction should only be given if there is evidence of open flight as upon pursuit, or if there is evidence of concealment. *State v. Clark*, 126 Ariz. 428, 616 P.2d 888 (1980). Here, while appellant testified that his only reason for fleeing the park and Arizona the next day was his fear of the victim's family, the jury was free to disbelieve this explanation and infer that appellant's actions were evidence of concealment which reflected a consciousness of guilt.

Appellant's reliance on *State v. Rodgers*, 103 Ariz. 393, 442 P.2d 840 (1968) and *State v. Bailey*, 107 Ariz. 451, 489 P.2d 261 (1971)

---

1. In *Rodriguez*, the instruction was as follows:
   The state must prove that the defendant has done an act which is forbidden by law and that he intended to do it. You may determine that the defendant intended to do the act if he did it voluntarily. The state does not have to prove that the defendant knew the act was forbidden by law.

114 Ariz. at 333, 560 P.2d at 1240.

2. The distinction between mandatory and permissive presumptions was recently discussed by this court in *State v. Forrester*, 134 Ariz. 444, 657 P.2d 432 (1982).

is not persuasive. In *Rodgers,* the appellant left the scene of an assault to protect a female companion who was with him in his car and immediately returned to his army barracks. Under those facts, the mere leaving the scene of the crime could not suggest the required consciousness of guilt where there was no subsequent attempt to evade arrest. In *Bailey,* the defendant was accused of sexually assaulting a woman in Mesa, Arizona. He was later arrested in Texas. However, the evidence reflected no more than a mere leaving of the jurisdiction because he had been visiting Arizona from his Texas home. Again, the facts surrounding his return home did not suggest a consciousness of guilt.

By contrast, appellant fled the park immediately upon shooting the victim, spent the night at a friend's house rather than returning home, and left Arizona for Indiana the next morning where he was arrested one year later. These facts could reasonably support a conclusion by the jury that appellant fled from the scene and Arizona not because of fear of the victim's relatives, but out of fear of being arrested for an unjustified killing. This was relevant to rebut appellant's position of self-defense. Therefore, the instruction was properly given.

Finally, appellant argues that the· trial court erred in refusing to give his requested instruction 3:

> That one is armed does not foreclose the right of self-defense if otherwise the defendant would have been entitled to the defense.

Appellant requested the instruction to dispel any possible feeling by the jury that because appellant was bearing a firearm that evening, that he was not entitled to the defense of self-defense.

The proposed instruction is a correct statement of the law. *State v. Jackson,* 94 Ariz. 117, 382 P.2d 229 (1963). However, this court has previously held that it is not error to refuse an instruction such as the one tendered where the jury was otherwise fully charged on the issue of self-defense. *State v. Barr,* 115 Ariz. 346, 565 P.2d 526 (App.1977). The jury was fully instructed on the issue of self-defense, including the circumstances under which a defendant is justified in using deadly physical force. The trial court was not required to single out for special instruction the point made by defendant's requested instruction. *See State v. Jessen,* 130 Ariz. 1, 633 P.2d 410 (1981).

The judgment and sentence are affirmed.

FROEB, P.J., and GREER, J., concur.