NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

SCOTT R. DOZIER, *Petitioner*.

No. CR 12-0207 PRPC
FILED 09-30-2014

Appeal from the Superior Court in Maricopa County
No. CR 2003-019408-001 DT
The Honorable Susanna C. Pineda, Judge

**REVIEW GRANTED; RELIEF GRANTED IN PART; REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton, Jr.
*Counsel for Respondent*

Perkins Coie, L.L.P., Phoenix
By Jean-Jacques Cabou, Colin P. Ahler
*Co-Counsel for Petitioner*

Osborn Maledon, P.A., Phoenix
By Kathleen E. Brody
*Co-Counsel for Petitioner*

Debus Kazan & Westerhausen, L.T.D., Phoenix
By Tracey Westerhausen
*Co-Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Andrew W. Gould joined. Judge Jon W. Thompson concurred in part and dissented in part.

---

**D O W N I E, Judge**:

**¶1**        Scott R. Dozier seeks review of the trial court's summary dismissal of his petition for post-conviction relief filed pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. We review the summary dismissal of a petition for post-conviction relief for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006). Because a material issue of fact exists regarding some of the claims asserted in Dozier's petition, we grant review and relief in part and remand for an evidentiary hearing.

**¶2**        A jury convicted Dozier of second-degree murder. The trial court sentenced him to an aggravated 22-year prison term. We affirmed Dozier's conviction and sentence on direct appeal. *State v. Dozier*, 1 CA-CR 05-0463 (Ariz. App. Apr. 11, 2006) (mem. decision). Dozier thereafter filed a petition for post-conviction relief, asserting numerous claims, including failure to disclose exculpatory evidence, presentation of false testimony, newly discovered evidence, ineffective assistance of trial and appellate counsel, and actual innocence. The trial court summarily dismissed the petition, concluding Dozier had failed to state a colorable claim for relief.

**DISCUSSION**

**¶3**        Dozier contends the court erred by dismissing his petition without conducting an evidentiary hearing. A trial court may summarily

dismiss a Rule 32 petition only if it finds no "material issue of fact or law exists which would entitle the defendant to relief." Ariz. R. Crim. P. 32.6(c). A defendant is entitled to an evidentiary hearing if the petition presents a colorable claim. *State v. D'Ambrosio*, 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988). A colorable claim is one that, if the allegations are true, might have changed the outcome. *State v. Runningeagle*, 176 Ariz. 59, 63, 859 P.2d 169, 173 (1993). "A decision as to whether a petition for post-conviction relief presents a colorable claim is, to some extent, a discretionary decision for the trial court." *D'Ambrosio*, 156 Ariz. at 73, 750 P.2d at 16. When doubt exists, however, "a hearing should be held to allow the defendant to raise the relevant issues, to resolve the matter, and to make a record for review." *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986).

## I. Claims Related to the Projectiles

**¶4** In dismissing Dozier's petition, the trial court noted that the majority of claims related to an allegation that the State failed to disclose a Department of Public Safety (DPS) laboratory worksheet that showed two projectiles found during the victim's autopsy could not have been fired from the same weapon. Dozier stated he first became aware of this worksheet through a public records request to DPS made while investigating a petition for post-conviction relief. He argued the worksheet, together with reports by experts he retained, undermined the State's theory that he acted alone in killing the victim with a .22 rifle and supported his defense he was being framed by the State's witnesses. In responding to the petition for post-conviction relief, the State did not dispute that it did not disclose the worksheet or that trial testimony by the lead investigating officer regarding the two projectiles was incorrect, but argued against relief on the basis that the evidence and testimony in question were not material to the issue of guilt.

**¶5** The State's theory at trial was that Dozier acted alone in shooting the victim with a .22 rifle because he considered the victim a threat to his methamphetamine-making operation. The State's theory was supported by five witnesses who testified Dozier made admissions about the murder. One of these witnesses testified that Dozier borrowed a .22 rifle from him to shoot the victim. Consistent with the State's theory, the lead detective testified, and the prosecutor argued, that the two projectiles found with the victim's body came from a .22 caliber weapon. Information from the undisclosed DPS worksheet and subsequent examination by Dozier's experts, however, indicated that although one of the projectiles was a .22 caliber bullet, the other was a nine millimeter or .38 caliber lead core separated from its jacket.

¶6　　　　In ruling that claims relating to the DPS worksheet and different-sized projectiles did not offer a basis for granting relief, the trial court stated that the evidence showed the larger of the two projectiles did not strike the victim and, therefore, its existence did not support Dozier's theory of two shooters being involved in the murder. The court stated its conclusion "was consistent" with the evidence presented at trial, including the medical examiner's opinion that it was not possible to determine whether the second projectile actually struck the victim because there was no soft tissue to examine for an entrance or exit wound due to decomposition of the victim's body and the lack of damage to the bone. Although not specifically stated, implicit in the trial court's ruling was a finding that the larger projectile was simply debris found within the plastic that wrapped the victim's body. Given its conclusion that the larger projectile had no connection to the murder, the court ruled Dozier had failed to state a colorable claim of failure to disclose exculpatory evidence, presentation of false testimony, newly discovered evidence, prosecutorial misconduct, or ineffective assistance of trial counsel. *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999) (failure to disclose exculpatory evidence); *Strickland v. Washington*, 466 U.S. 668, 687-92 (1984) (ineffective assistance of counsel); *Napue v. Illinois*, 360 U.S. 264, 269-71 (1959) (false testimony); *State v. Bilke*, 162 Ariz. 51, 52-53, 781 P.2d 28, 29-30 (1989) (newly discovered evidence); *Pool v. Superior Court*, 139 Ariz. 98, 109, 677 P.2d 261, 272 (1984) (prosecutorial misconduct).

¶7　　　　Although the trial court was not incorrect in stating that Dozier's proffered evidence about the larger projectile "was consistent" with it having no connection with the murder, the evidence of record does not establish the lack of connection as an indisputable fact. The nature of the projectile, including its deformation and the presence of wood and mineral embedded in it, does not necessarily preclude a finding that it struck the victim. The medical examiner who performed the autopsy did not opine that the larger projectile did *not* strike the victim. To the contrary, he testified it was possible the victim was hit by both projectiles, but that he could not give an exact location for the second wound due to decomposition of the victim's body. Because information about the disparate sizes of the two projectiles was not forwarded to the prosecutor or disclosed to Dozier, the parties and the medical examiner apparently simply assumed that both projectiles were the same size and were connected to the murder. The parties thus had no opportunity to litigate the relevancy or materiality of the second projectile.

¶8　　　　Under these circumstances, the claims for relief relating to the projectiles should not have been summarily dismissed. A material issue of

fact exists as to whether the larger projectile was connected to the murder. Summary dismissal of a petition for post-conviction relief is error where material issues of fact exist. *State v. Carriger*, 132 Ariz. 301, 305, 645 P.2d 816, 820 (1982); *see also* Ariz. R. Crim. P. 32.8(a) ("The defendant shall be entitled to a hearing to determine material issues of fact, with the right to be present and to subpoena witnesses."). Indeed, "[o]ne of the purposes of a Rule 32 proceeding is to furnish an evidentiary forum for the establishment of facts underlying a claim for relief, when such facts have not previously been established of record." *State v. Watton*, 164 Ariz. 323, 328, 793 P.2d 80, 85 (1990). If, after an evidentiary hearing, it is determined that the larger projectile is merely unrelated debris, then the trial court, depending on the other evidence presented, *may* be able to reasonably conclude that the fact it was not a .22 caliber bullet would not establish the prejudice or materiality necessary to grant relief. Dozier, however, is entitled to an evidentiary hearing at which he can attempt to carry his burden of establishing materiality and prejudice.

## II.     Remaining Claims

**¶9**        The trial court did not err by summarily dismissing Dozier's remaining claims unrelated to the two projectiles. In its dismissal order, the court identified each of the claims in the petition and concluded by stating that the petition failed to state "any" colorable claim. Thus, even though the order did not discuss each claim in detail, it addressed all of the claims raised. Unlike Rule 32.8(d), which requires the court to "make specific findings of fact and state expressly its conclusions of law relating to each issue presented" when an evidentiary hearing is held, no similar requirement exists for the summary dismissal of claims under Rule 32.6.

**¶10**        The trial court could properly conclude that Dozier failed to state a colorable claim of ineffective assistance of counsel unrelated to the issue of the two projectiles. To state a colorable claim, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 687. To establish prejudice, a defendant must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 669. If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the court need not determine whether the other prong was satisfied. *State v. Salazar*, 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985). The burden is on a petitioner seeking post-conviction relief to demonstrate ineffective assistance of counsel, and the showing must be that of provable

reality, not mere speculation.  *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23, 987 P.2d 226, 230 (App. 1999).

¶11        Dozier argues his trial counsel was ineffective because he failed to advise him of the risks of testifying and failed to prepare him to testify.  He does not state, however, what he would have done differently had trial counsel acted in the manner he contends was proper.  Dozier has thus failed to demonstrate prejudice.

¶12        Dozier also contends his lawyer was unprepared for trial and was ineffective in cross-examining witnesses.  Again, though, he fails to offer specifics regarding what should have been done and how it likely would have changed the outcome.  Further, Dozier did not establish that his lawyer's approach to trial involved anything other than tactical decisions.  Trial counsel is presumed to have acted properly unless a petitioner can show the attorney's decisions were not tactical, "but, rather, revealed ineptitude, inexperience or lack of preparation."  *State v. Goswick*, 142 Ariz. 582, 586, 691 P.2d 673, 677 (1984).  The manner in which to cross-examine a witness is a matter of trial strategy.  *State v. Tison*, 129 Ariz. 546, 556, 633 P.2d 355, 365 (1981).  "Matters of trial strategy and tactics are committed to defense counsel's judgment" and cannot serve as the basis for a claim of ineffective assistance of counsel.  *State v. Beaty*, 158 Ariz. 232, 250, 762 P.2d 519, 537 (1988).

¶13        Dozier also contends trial counsel was ineffective in failing to ensure the presence of several witness whom, he claims, would have offered favorable testimony.  However, Dozier did not submit affidavits from any of these witnesses to corroborate his assertion.  *See* Ariz. R. Crim. P. 32.5; *State v. Borbon*, 146 Ariz. 392, 399, 706 P.2d 718, 725 (1985) (holding unsubstantiated claim witness would give favorable testimony does not compel evidentiary hearing).

¶14        Dozier also complains that trial counsel failed to object to certain testimony on hearsay grounds and that appellate counsel failed to raise that issue on appeal.  As the trial court correctly noted, though, the evidence in question was admissible for a non-hearsay purpose.  Thus, failing to object or to challenge the evidence on appeal does not constitute ineffective assistance of counsel.  *See State v. Noleen*, 142 Ariz. 101, 106, 688 P.2d 993, 998 (1984) (holding failure to engage in futile act not ineffective assistance).

¶15        The same is true of Dozier's claims that trial and appellate counsel were ineffective in not successfully opposing a ruling excluding

certain third-party culpability evidence. The trial court acted well within its discretion in determining the admissibility of third-party culpability evidence at trial. *See State v Atwood*, 171 Ariz. 576, 659, 832 P.2d 593, 642 (1992) (holding "trial court has broad discretion in evidentiary matters"), *disapproved on other grounds by State v. Nordstrom*, 200 Ariz. 229, 241, ¶ 25, 25 P.3d 717, 729 (2001); *Dozier*, 1 CA-CR 05-0463 at ¶¶ 35-40 (holding no abuse of discretion in excluding third-party culpability evidence). Dozier made no showing in his petition that any action by trial or appellate counsel would likely have led to a different outcome.

¶16 Dozier also claims appellate counsel was ineffective by failing to consult with him in advance of the appeal. Again, though, Dozier has not explained how the outcome of the appeal would likely have differed had appellate counsel consulted him.

¶17 Dozier further complains that the trial court erred by summarily dismissing his allegations of claims of cumulative ineffective assistance of counsel and trial error. Our supreme court has held that Arizona does not recognize the cumulative error doctrine outside the context of prosecutorial misconduct claims. *State v. Hughes*, 193 Ariz. 72, 78-79, ¶¶ 25–26, 969 P.2d 1184, 1190–91 (1998). The trial court acted properly in rejecting these claims. *See State v. Smyers*, 207 Ariz. 314, 318 n.4, 86 P.3d 370, 374 n.4 (2004) (lower courts are bound by decisions of Arizona Supreme Court and may not modify or disregard them).

¶18 Finally, Dozier contends the trial court erred in summarily dismissing his Rule 32.1(h) "actual innocence" claim. *See* Ariz. R. Crim. P. 32.1 cmt. (2000 Amend.). This rule provides for post-conviction relief where the defendant "demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt." Ariz. R. Crim. P. 32.1(h). Even if Dozier could successfully establish all of his claims about the projectiles, at most, he would be entitled to a new trial. The evidence would not establish his actual innocence.

## CONCLUSION

¶19 We grant review and grant relief in part. We remand with instructions to conduct an evidentiary hearing regarding Dozier's claims relating to the two projectiles. We deny the other requested relief.

STATE v. DOZIER
Thompson, J., concurring in part
and dissenting in part

**T H O M P S O N**, **Judge**, concurring in part and dissenting in part:

¶20     I agree with the majority that the trial court acted properly in summarily denying the ineffective assistance of counsel claims. I dissent from the determination that claims relating to the projectiles should be remanded for an evidentiary hearing.  I conclude that the petitioner, were he to establish at an evidentiary hearing the matters he now proffers, will not have met his burden of proof as to the materiality of the second projectile.  Therefore, I would affirm the denial of Rule 32 relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh