NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

STEVEN RAY BROWN, *Petitioner*.

No. 1 CA-CR 13-0763 PRPC

FILED 5-21-2015

Petition for Review from the Superior Court in Maricopa County
No. CR 2011-139687-001
The Honorable Susanna C. Pineda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

Steven Ray Brown, Florence
*Pro Se Petitioner*

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

**G O U L D, Judge**:

¶1        Steven Ray Brown petitions for review of the summary dismissal of his petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P.  We have considered his petition for review and, for the reasons stated, grant review but deny relief.

¶2        Brown pled guilty to kidnapping, a class two felony with one historical felony conviction, and attempted sexual assault, a class three felony and non-repetitive offense.  The trial court sentenced Brown in accordance with the terms of the plea agreement to an aggravated 11.75-year prison term for the kidnapping followed by lifetime probation for the attempted sexual assault.

¶3        Brown filed a timely notice of post-conviction relief, and appointed counsel thereafter informed the trial court that he could find no claims to be raised in a Rule 32 proceeding.  Brown then filed a *pro se* petition for post-conviction relief alleging claims of ineffective assistance of counsel and illegal sentence.  The trial court summarily dismissed the petition, ruling that Brown failed to state a colorable claim of relief.  This petition for review followed.

¶4        On review, Brown argues that the trial court erred in ruling that he failed to state a colorable claim for relief.  We review the summary dismissal of a petition for post-conviction relief for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

¶5        In his petition for review, Brown states that the facts material to the issues he is presenting for review are set forth in his petition for post-conviction relief and his reply to the State's response filed in the superior court and asks this court "to obtain the entire record from the superior court and refer to the appropriate sections thereof to make its determinations." A petition for review may not simply incorporate by reference any issue or argument; instead, the petition must set forth specific claims, present sufficient argument supported by legal authority, and include citation to the record.  Ariz. R. Crim. P. 32.9(c)(1); *State v. Moore*, 125 Ariz. 528, 529 (App. 1980); *see also State v. Smith*, 184 Ariz. 456, 460 (1996) (holding there is no fundamental error review in a post-conviction relief proceeding). "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005).  A petitioner must "strictly comply" with Rule 32 in order to be entitled to relief.  *Id.*

**¶6** In any event, we have reviewed Brown's claims and the trial court's ruling and conclude the court thoroughly addressed and correctly rejected the claims in a manner "that will allow any court in the future to understand the resolution." *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). No purpose would be served by repeating the trial court's ruling in its entirety, and we therefore adopt it. *See Id.*

**¶7** Brown's complaint that the trial court addressed his claim of ineffective assistance of counsel by each of its three component parts rather than as a single claim is without merit. Where the underlying issues on which a claim of ineffective assistance of counsel is based lacks substance, there can be no ineffective assistance by counsel in failing to raise the issues or challenge the trial court's rulings. *See State v. Borbon*, 146 Ariz. 392, 399 (1985) (holding counsel not ineffective "for failing to make an essentially futile request"); *State v. Noleen*, 142 Ariz. 101, 106 (1984) (holding failure to engage in futile act not ineffective assistance of counsel). Because the three issues on which Brown bases his claim of ineffective assistance of counsel are all without merit, the trial court did not abuse its discretion in finding that Brown failed to state a colorable claim for relief.

**¶8** For the above reasons, although we grant review, we deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama