UNITED STATES of America, Appellee,

v.

Louis C. HALL, Jr., Defendant, Appellant.

No. 82–1188.

United States Court of Appeals, First Circuit.

Argued Sept. 13, 1982.

Decided Oct. 12, 1982.

Steven A. Sussman, Boston, Mass., Federal Defender's Office, for defendant, appellant.

Joan C. Stanley, Asst. U. S. Atty., Boston, Mass., with whom William F. Weld, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before DAVIS\*, CAMPBELL and BREYER, Circuit Judges.

BREYER, Circuit Judge.

Appellant Louis Hall was indicted in Chicago and charged with violating 49 U.S.C. § 1472(j), which makes it unlawful for a person aboard an aircraft in the United States to

> assault ... intimidate ... or threaten ... any flight crew member or flight attendant ... so as to interfere with the performance by such member or attendant of his duties or lessen the ability of such member or attendant to perform his duties ....

The indictment stated that the defendant, while aboard American Airlines Flight number 22 ... in air commerce from Los Angeles ... to ... Chicago, in the Northern District of Illinois, Eastern Division, did assault, intimidate and threaten flight crew members and flight attendants of said aircraft so as to interfere with ... the performance of their official duties and to lessen ... [their] ability ... to perform their official duties ....

At appellant's request, his case was transferred to Massachusetts for trial "[f]or the convenience of parties and witnesses, and in the interest of justice ...." Fed.R.Crim.P. 21(b). Once in Massachusetts, Hall moved to dismiss the indictment on the ground that no part of the offense occurred within the Northern District of Illinois. See 49 U.S.C. § 1473(a). The district court denied this motion, relying upon *United States v. Busic,* 549 F.2d 252 (2d Cir. 1977) ("air piracy" was "begun" over New York; hence venue was proper there though defendants seized the plane outside New York air space). Hall appeals solely on the ground that the district court's refusal to dismiss was in error.

The record reveals that Hall boarded American Airlines Flight 22 in San Francisco. As scheduled, the plane was to make a brief stop in Los Angeles, and then fly non-stop to Boston. About two hours after takeoff from Los Angeles, Hall embarked on a series of unexplained disruptive and violent acts: among other things, he struck flight attendants and passengers with his hand and with a book, used abusive language, tried to force his way into the pilot's cabin, attempted to set papers afire with a cigarette lighter, and threatened several times to blow up the airplane. The airplane's officers, stewardesses, and his fellow passengers restrained him on several occasions, but after each period of calm, he resumed his obstreperous conduct. The pilot diverted the flight, making an unscheduled landing in Chicago at 4:15 a. m., so that appellant could be removed. It is undisputed that for the last thirty or forty minutes of the flight, when the plane was over Illinois, Hall sat quietly in his seat.

Appellant makes here the same argument he made in the district court. He points

---

\* Of the Federal Circuit, sitting by designation.

out that the special venue section of the Federal Aviation Act, 49 U.S.C. § 1473, makes a trial (and hence an indictment) proper "in the district in which such offense is committed; or, if the offense is committed out of the jurisdiction of any particular State or district, the trial shall be in the district where the offender . . . is arrested or is first brought." This statute reiterates the theme sounded by Article III, section 2, paragraph 3 of the Constitution, which provides that

> the trial of all crimes . . . shall be held in the State where said Crimes shall have been committed; but when not committed within any State, the trial shall be at such Place or Places as the Congress may by Law have directed.

Appellant argues that, because the government failed to prove proper venue for indictment, the district court should have directed a verdict of acquittal. In particular, he asserts that (1) the offense did not take place in Illinois; thus the "where-committed" portion of the statute was not satisfied; and (2) the offense was not one "committed out of the jurisdiction of any particular state," so the "where-first-brought" portion of the statute does not apply. Hence, indictment in Illinois was improper.

■ We cannot, however, accept appellant's argument. Venue is not an element of the offense, and so it need be proved only by a preponderance of the evidence. *United States v. Cordero*, 668 F.2d 32, 44 n.18 (1st Cir. 1981). And, in the present case, there is more than enough evidence that the offense was committed in part over Illinois.

In the first place, the district court may have reasonably concluded that Hall continued to intimidate the crew until the plane landed in Chicago. Throughout the flight, his behavior had been completely unpredictable: when put back into his seat, he would be quiet for a while, and then resume his threats and assaults. True, he was quiet for the last thirty to forty minutes of the flight, but, as one stewardess testified, "passengers were watching him right in the area. And we were, as well."

Even if Hall's behavior did not directly "intimidate" the crew until the flight reached Chicago, however, we conclude that the offense lasted until he was removed from the plane. Section 1472 defines the crime not simply as an assault, an act of intimidation, or a threat, but rather as any one of those activities, insofar as it "interfere[s] with the performance" by the flight crew of its duties, or "lessen[s] the ability" of the crew "to perform [its] duties." While Hall was sitting quietly in his seat, the pilots were in the process of diverting the aircraft to make an unscheduled landing in Chicago, to remove him. It is difficult to imagine a more obvious interference with the crew's duty to fly to Boston.

■ Essentially, we interpret § 1472 to say that the offense continues for at least as long as the crew are responding directly, and in derogation of their ordinary duties, to the defendant's behavior. This interpretation is consistent with both the statute's language, and its apparent purpose: to protect the flight crew from being interfered with in the performance of its duties. Similarly, this interpretation promotes Congress's desire, in passing the special and related venue provision of § 1473, to facilitate the prosecution of airborne crimes. *See United States v. Busic*, 549 F.2d at 256. A continuing offense can be prosecuted in any jurisdiction in which it was "begun, continued, or completed." 49 U.S.C. § 1473(a). Under our interpretation of § 1472, this includes Chicago. By contrast, Hall would have us construe § 1472 in a way that would require proof of precisely where his threats and assaults took place, in a plane traveling across many states at great speed, high above the earth. Such an interpretation would often make § 1472 difficult to enforce—precisely the opposite of Congress's intention in passing it, and the related venue section. These considerations are explored at greater length in *Busic, supra*, which we accept as persuasive authority. Our interpretation creates no unfairness to defendants, for an air passenger accused of a crime of this type is unlikely to care whether he is tried in one rather than another of the states over which he

was flying. In any event, Rule 21(b) can be used, as was done here, to provide a trial in a place convenient to the defendant.

Our sole concern about deciding this case on the basis just mentioned arises from the fact that it was not argued by the United States Attorney on this appeal. Yet, unlike *Nogueira v. United States,* 683 F.2d 576 (1st Cir. 1982), the United States Attorney did not waive the point; it was relied upon by the district court, and discussed at oral argument. Hence, we see no unfairness to appellant in deciding this case upon what is apparently the same theory of law used by the district court.

*Affirmed.*