703 P.2d 518

**The STATE of Arizona, Appellee,**

v.

**William Cundey HESTER, Appellant.**

**No. 2 CA–CR 3538.**

Court of Appeals of Arizona, Division 2, Department A.

March 19, 1985.

Reconsideration Denied May 8, 1985.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Phoenix, for appellee.

Michael J. Brady, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant, convicted by a jury of four counts of forgery with four prior non-dangerous felony convictions, was sentenced to ten years' imprisonment on each count to run concurrently with each other and the entire sentence to run consecutive to a previously imposed sentence in Pima County Cause No. CR–9671. He contends on appeal that the judgment and sentences must be vacated because the state failed to prove venue in Pima County and because of the trial court's abuse of discretion in permitting the admission of defendant's prior felony convictions for impeachment purposes. He also contends that the trial court abused its discretion in granting an excessive sentence by making the sentence in this case consecutive to an earlier sentence. We do not agree and affirm.

At trial Jim Rumph testified that in early 1983 he put an ad in the paper for a roommate. Appellant answered the ad and became Rumph's roommate. After a short time Rumph discovered four checks had been written on his checking account, made out to appellant and allegedly containing Rumph's signature. These checks were forgeries. Rumph confronted appellant with these checks and appellant admitted that he had taken them out of Rumph's checkbook. When asked why he wrote the checks, appellant told Rumph that he had written the checks "to put out some fires." A handwriting expert testified that appellant had endorsed the checks and may or may not have made them out.

Prior to the start of the trial, appellant made a motion in limine to preclude testimony of appellant's prior felony convictions for fraud by check in Lakewood, Colorado, in 1975; fraud by check in Brighten, Colorado, in 1975; fraud by wire in Denver in 1976; theft and fraud in Portland in 1981; and theft of over $1,000 in Arizona in 1983. After hearing from both parties, the trial court ruled that the state could use the convictions of fraud by wire, the theft of 1981 and the theft of over $1,000 in 1983 but found that the prejudicial effect of the 1975 convictions outweighed their probative value and refused to allow the state to use them for impeachment purposes. At trial, appellant neither testified nor presented any evidence.

### I.

Venue is an essential element of jurisdiction. *State v. Cox,* 25 Ariz.App. 328, 543 P.2d 449 (1975). Appellant contends that no evidence of venue in Pima County was presented and proved by the state. This contention is completely devoid of merit.

■ Appellant was charged with violating A.R.S. § 13–2002(A)(3) under which a person commits forgery if he offers or presents a forged instrument or one which contains false information. The drawee bank on the four checks was the First Interstate Bank of Arizona, University Medical Office, Tucson. The back of each check shows an endorsement by the First Interstate Bank. When these checks were presented to the bank, appellant was living in Tucson with Rumph. Venue may be established by circumstantial evidence. *Douglas v. State*, 26 Ariz. 327, 225 P. 335 (1924). The evidence is sufficient to show that the checks were offered or presented in Pima County.

## II.

■ Appellant contends that the trial court erred in finding that the probative value of the three prior convictions, which it ruled were admissible, outweighed their prejudicial effect. Appellant does not state in what way the trial court abused its discretion. He simply opines on how such a ruling is vulnerable when the trial court does not set forth any reasons for its ruling. The state contends that if appellant had testified, the case would have come down to a swearing match between appellant and the victim as to how appellant came into possession of the checks. Since credibility would then have been a major issue, it argues the probative value of impeachment with prior convictions militate in favor of their admission. See e.g., *State v. Davis*, 137 Ariz. 551, 672 P.2d 480 (App. 1983); *State v. Dixon*, 126 Ariz. 613, 617 P.2d 779 (App.1980).

The failure of appellant to testify in a case often makes it difficult for an appellate court to evaluate and review the alleged error. This brings into focus the continued viability of the rule stated in *State v. Tuell*, 112 Ariz. 340, 541 P.2d 1142 (1975) in view of the recent United States Supreme Court decision of *Luce v. United States*, — U.S. —, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984).

In *Tuell* our Supreme Court held that the defendant did not have to testify in order to attack, on appeal, the correctness of an in limine ruling on the admissibility of prior bad acts:

"In criminal prosecutions, the accused has a right to testify in his own behalf. Ariz. Const. article 2, § 24, 1 A.R.S.; *State v. Noble*, 109 Ariz. 539, 514 P.2d 460 (1973). The admission of the evidence of subsequent acts or crimes in Count II would have been so prejudicial as to completely destroy any possible probative value.... The ruling of the trial court effectively precluded appellant from exercising his constitutional right to testify in his own behalf as to Count I for the reason [that] he would be forced to exercise his right against self-incrimination as to Count II...." 112 Ariz. at 345, 541 P.2d at 1147.

In *Luce v. United States*, supra, the Court was concerned with reviewing a motion under Rule 609(a)(1) of the Federal Rules of Evidence, which rule is, for our purposes here, essentially the same as the Arizona rule. In *Luce* the Court stated:

"A reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context. This is particularly true under Rule 609(a)(1), which directs the court to weigh the probative value of a prior conviction against the prejudicial effect to the defendant. To perform this balancing, the court must know the precise nature of the defendant's testimony, which is unknowable when, as here, the defendant does not testify.

Any possible harm flowing from a district court's *in limine* ruling permitting impeachment by a prior conviction is wholly speculative. The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial

discretion, to alter a previous *in limine* ruling.

\* \* \* \* \* \*

When the defendant does not testify, the reviewing court also has no way of knowing whether the Government would have sought to impeach with the prior conviction. If, for example, the Government's case is strong, and the defendant is subject to impeachment by other means, a prosecutor might elect not to use an arguably inadmissible prior conviction.

Because an accused's decision to testify 'seldom turns on the resolution of one factor,' [citation omitted] a reviewing court cannot assume that the adverse ruling motivated a defendant's decision not to testify. In support of his motion a defendant might make a commitment to testify if his motion is granted; but such a commitment is virtually risk free because of the difficulty of enforcing it.

Even if these difficulties could be surmounted, the reviewing court would still face the question of harmless error. [citations omitted] Were *in limine* rulings under Rule 609(a) reviewable on appeal, almost any error would result in the windfall of automatic reversal; the appellate court could not logically term 'harmless' an error that presumptively kept the defendant from testifying. Requiring that a defendant testify in order to preserve Rule 609(a) claims, will enable the reviewing court to determine the impact any erroneous impeachment may have had in light of the record as a whole; it will also tend to discourage making such motions solely to 'plant' reversible error in the event of conviction."
105 S.Ct. at 463–64 (Emphasis in original)

The Supreme Court also found that requiring the defendant to testify before being able to raise an alleged error in a Rule

609(a)(1) ruling does not operate to dissuade a defendant from testifying. It then went on to hold that to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify.

Justices Brennan and Marshall concurred in the opinion, stating:

" ... The Court correctly identifies two reasons for precluding appellate review unless the defendant testifies at trial. The careful weighing of probative value and prejudicial effect that Rule 609(a) requires of a district court can only be evaluated adequately on appeal in the specific factual context of a trial as it has unfolded. And if the defendant declines to testify, the reviewing court is handicapped in making the required harmless error determination should the district court's *in limine* ruling prove to have been incorrect." [1]   105 S.Ct. at 464. (Emphasis in original)

We believe that the rule in *State v. Tuell,* supra, allowing the defendant raise an error in an in-limine ruling regarding prior convictions under Rule 609(a)(1) should be overruled and that the Arizona courts should follow the rule in *Luce v. United States,* supra.

■  Appellant contends that the trial court erred in making the sentences in this case consecutive to an earlier 15-year sentence. He argues that such a sentence is excessive because of his age, 52, and because of his heart condition.[2] We do not agree. The court stated that it chose to impose a consecutive sentence because of appellant's prior criminal history and the fact that the offenses were committed while appellant was awaiting sentence in a previous case. We agree with the state that the trial court did not abuse its discre-

---

1.  At the federal level there is no constitutional provision giving the defendant a right to testify in his own behalf. However, by statute, first adopted in 1878, a defendant in a federal criminal case is a competent witness at his own request. 18 U.S.C.A. § 3481, derived from Act

of Mar. 16, 1878, c. 37, 20 Stat. 30. See also *Sims v. Lane,* 411 F.2d 661 (7th Cir.1969).

2.  A letter from a physician shows that the physical problems can be controlled through medication and monitoring of appellant's condition.

**578**

tion and had more than adequate reasons for imposing a consecutive sentence.

Affirmed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.

## MOTION FOR RECONSIDERATION DENIED

HOWARD, Judge.

In the motion for reconsideration and the opposition thereto, the parties state that we adopted and followed the rule in *Luce v. United States*, —— U.S. ——, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). We did not do either. We merely suggested that our supreme court do so and overrule its cases which are contrary to *Luce*.

The motion for reconsideration is denied.

BIRDSALL, P.J., and FERNANDEZ, J., concur.