Clayton BROESCH, Petitioner,

v.

John R. GAGNON, et al., Respondents.

No. 85–C–568.

United States District Court,
E.D. Wisconsin.

Aug. 13, 1985.

Thomas J. Balistreri, Asst. Atty. Gen., Madison, Wis., for petitioner.

Jack E. Schairer, Asst. State Public Defender, Madison, Wis., for respondents.

### DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

In February 1983, the petitioner was convicted of burglary in violation of Wis.Stat. § 943.10(1)(a) for the theft of a gasoline can and a flashlight. He was sentenced to six years imprisonment to be served consecutive to a sentence imposed on him for a previous conviction. The trial court denied the petitioner's motion for postconviction relief in June 1983. The petitioner's conviction was affirmed by the Wisconsin Court of Appeals on August 23, 1984, and his petition for review subsequently was denied by the Wisconsin Supreme Court.

The petitioner now seeks habeas corpus relief, pursuant to 28 U.S.C. § 2254, contending that the trial court's instruction concerning the possession of recently stolen property created a conclusive presumption on this factual issue which invaded the province of the jury and substantially reduced the state's burden of proof in violation of the due process clause of the fourteenth amendment. The petition will be denied.

■ The state does not argue that the petitioner has failed to exhaust his state remedies, but instead asserts that any further presentation of the petitioner's claim to the state courts would be futile in light of the state court's conclusion that the contested instruction did not create a conclusive presumption regarding the possession of recently stolen property; I concur in the state's assessment. Because it is clear that further state court review of the petitioner's claim would be futile, his state remedies will be deemed exhausted for purposes of 28 U.S.C. § 2254(b). *See Williams v. Duckworth,* 724 F.2d 1439, 1443 n. 5 (7th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 143, 83 L.Ed.2d 82 (1984). The court, therefore, will proceed to the merits of the habeas corpus petition.

In its charge to the jury, the trial court stated:

"In this case there is evidence that the defendant possessed recently stolen property. This is circumstantial evidence from which you may reasonably find, in light of all the evidence in the case, that the defendant participated in some way in the taking of the property. However, the weight to be accorded such evidence is solely for you, the jury, to determine, and should depend upon the time and place of the possession as well as all the other facts in the case."

R. 1019; Wis. JI–Criminal 173. The petitioner contends that this instruction invaded the province of the jury in contravention of due process by predetermining that the gas can and flashlight found in the petitioner's possession were, in fact, the items stolen, and allowing the jury to infer the

petitioner's guilt based on this allegedly predetermined fact.

■ The due process clause of the fourteenth amendment "prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime." *Francis v. Franklin,* — U.S. —, 105 S.Ct. 1965, 1970, 85 L.Ed.2d 344 (1985). Initially, the court must determine whether the challenged instruction creates a mandatory presumption or only a permissive inference. *Id.,* 105 S.Ct. at 1971. A mandatory presumption, which may be either conclusive or rebuttable, tells the jury that they must find the presumed fact if the state proves certain predicate facts. *Id.* A permissive inference, on the other hand, suggests a possible conclusion that the jury might draw from the evidence but does not require the jury to draw that conclusion. *Id.*

■ A permissive inference violates due process "only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." *Id.* More specifically, due process is satisfied if the fact to be inferred is "more likely than not to flow from" the basic facts on which it depends. *Ulster County Court v. Allen,* 442 U.S. 140, 165, 99 S.Ct. 2213, 2229, 60 L.Ed.2d 777 (1979).

■ In evaluating a challenged instruction, the court must consider what a reasonable juror could have understood the charge to mean. *Sandstrom v. Montana,* 442 U.S. 510, 514, 99 S.Ct. 2450, 2454, 61 L.Ed.2d 39 (1979). Toward this end, a single jury instruction may not be viewed in isolation, but must be considered within the context of the entire jury charge. *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973).

The petitioner asserts that the trial court's instruction to the jury that "there is [circumstantial] evidence that the defendant possessed recently stolen property," could have been interpreted by reasonable jurors as creating a conclusive, or mandatory, presumption that the petitioner, in fact, did possess such property. The petitioner's reasoning proceeds through several steps.

■ He first notes that the trial court defined "circumstantial evidence" as "the proof of certain facts from which a juror may logically infer the existence of other facts...." R. 208. He then contends that a reasonable juror in this case could have interpreted "proof" to mean "evidence sufficient to establish a thing as true, or to establish belief in its truth." The petitioner draws this definition from one of the several definitions of "proof" contained in the Random House Dictionary of the English Language. The trial court did not expressly define "proof" in its charge to the jury.

Next, by substituting his proffered definition of "proof" in the trial court's definition of "circumstantial evidence," and then substituting the modified definition of "circumstantial evidence" for that phrase in the contested instruction, the petitioner asserts that reasonable jurors could have interpreted the instruction as conclusively establishing that the petitioner possessed recently stolen property. Based on this alleged conclusive presumption, he claims the jurors reasonably could have believed that they had been instructed that there was sufficient evidence to find him guilty of burglary.

The linchpin of the petitioner's argument is that reasonable jurors could have read the proffered definition of "proof" into the court's definition of "circumstantial evidence," and essentially interpreted "circumstantial evidence" in this case to mean evidence sufficient to establish that the petitioner possessed recently stolen property. Reading the trial court's charge as a whole, the court rejects the petitioner's construction.

In instructing the jury about circumstantial evidence, the trial court cautioned that:

"Circumstantial evidence may be so weak as to not meet the standard of proof required....

"To warrant a finding of guilt on circumstantial evidence, facts necessary for

the conclusions sought to be established must be proven by competent evidence beyond a reasonable doubt, and these facts must be consistent with each other and with the guilt of the defendant, and the circumstances must lead you to conclude beyond a reasonable doubt that the defendant committed the offense."

R. 208; Wis. JI–Criminal 170. The jury also was instructed that "the weight to be accorded such [circumstantial] evidence is solely for you, the jury, to determine...." R. 209. Moreover, the jury was repeatedly told that the burden was on the state to prove the petitioner's guilt beyond a reasonable doubt. R. 204, 205, 206, 208–09.

In sum, the jury was told, in very clear terms, that it was their responsibility to determine whether to believe circumstantial evidence. More importantly, they were instructed that if they based a guilty verdict on circumstantial evidence, such evidence had to be established beyond a reasonable doubt. Reasonable jurors, therefore, would have understood the challenged instruction as telling them that if they were convinced beyond a reasonable doubt that the petitioner possessed recently stolen property, they then could, but were not required to, infer from this circumstantial evidence, when considered in the context of all the evidence, that the petitioner participated in the theft of the property. In other words, "proof" as used in the jury charge reasonably means no more than evidence that the factfinder *may* rely on in making a factual determination. The challenged instruction, in effect, creates a permissive inference, rather than a mandatory presumption, concerning the possession of recently stolen property.

The inference of possession is thoroughly reasonable and "more likely than not to flow from" the predicate facts in this case. *See Ulster, supra,* 442 U.S. at 163–65, 99 S.Ct. at 2227–29. First, the arresting officer, having stopped to assist the petitioner start his truck, saw him with a red gas can and a flashlight only about 80 yards from the complainant's farm. Later that same morning the complainant discovered that his flashlight and red gas can were missing from his shed. At trial he identified the two items seized from the petitioner's truck as the items stolen from him. Evidence also was presented that a heelprint found in the complainant's shed matched the heel pattern of the shoes the petitioner was wearing when he was arrested. The petitioner, in addition, had an ample motive to take the gas can and flashlight, his truck having run out of gas on a rural road in the middle of the night. Finally, two months after his arrest, the petitioner told a detective that he had taken a flashlight and a gas can filled with gasoline. Accordingly, the court finds that the suggested conclusion that the petitioner possessed recently stolen property did not violate the due process clause of the fourteenth amendment.

The petitioner also contends that the challenged instruction "misstated the law" by permitting the jury to infer the petitioner's guilt for burglary based *solely* on the possession of recently stolen property. The bulk of the petitioner's argument in support of this contention is directed to the validity of the instruction under Wisconsin law. The challenge to the instruction under Wisconsin law will not be considered by the court; the petitioner may seek habeas corpus relief only for the deprivation of federal rights. *Engle v. Isaac,* 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982).

The petitioner, however, supports this contention by relying on several federal cases which employ a due process analysis of the issue. Also, the state, in its brief, has addressed this contention so as to indicate an understanding of its federal constitutional basis. The court, therefore, will read this habeas corpus petition as encompassing the contention that it violated due process to permit the jury to infer the petitioner's guilt based on his possession of recently stolen property.

The inference of burglary from the possession of recently stolen property has been widely accepted for centuries and has solid judicial acceptance. *Cosby v. Jones,* 682 F.2d 1373, 1379 (11th Cir.1982) (citations therein). In *Dunlop v. United States,* 165 U.S. 486, 502, 17 S.Ct. 375, 380, 41 L.Ed. 799 (1897), the Supreme Court

affirmed its support of this inference when it stated, "if property recently stolen be found in the possession of a certain person, it may be presumed that he stole it, and such presumption is sufficient to authorize the jury to convict, notwithstanding the presumption of innocence."

In the present case, the jury was instructed that based on the circumstantial evidence that the petitioner possessed recently stolen property, they might "reasonably find, in light of all the evidence in the case, that [he] participated in some way in the taking of the property." R. 209. The jury was instructed further that the weight to be accorded this circumstantial evidence depended "upon the time and place of the possession as well as all the other facts in the case." *Id.*

Fairly construed, this language told the jury that the conclusion of participation in the theft was only a suggested, or permissive, one. The instruction did not direct the jury to consider the evidence of possession of the stolen property in a void but, quite the opposite, instructed them to consider such evidence in light of all the evidence in the case, including the time and location of the possession. The jury also was advised that the burden rested on the state to establish guilt beyond a reasonable doubt of every essential element of burglary, and that the petitioner was presumed innocent. R. 204–06.

The challenged instruction, in fact, is very similar to the pattern federal instruction concerning the possession of recently stolen property contained in E. Devitt and C. Blackmar, Federal Jury Practice and Instructions § 15.29 (3d ed. 1977). The Devitt and Blackmar instruction provides in relevant part:

"[P]ossession of property recently stolen, if not satisfactorily explained, is also ordinarily a circumstances from which the jury may reasonably draw the inference and find, in the light of surrounding circumstances shown by the evidence in the case, that the person in possession not only knew it was stolen property, but also participated in some way in the theft of the property."

This instruction, and substantially similar ones, have been consistently upheld by federal courts. *See, e.g., United States v. Ferro,* 709 F.2d 294 (5th Cir.1983); *United States v. Johnson,* 563 F.2d 936 (8th Cir. 1977), *cert. denied,* 434 U.S. 1021, 98 S.Ct. 746, 54 L.Ed.2d 768 (1978); *United States v. Johnson,* 433 F.2d 1160 (D.C.Cir.1970).

The Supreme Court in *Ulster, supra,* 442 U.S. at 162–63, 99 S.Ct. at 2227, specified that in determining whether a permissive inference violates due process, the rationality of the inference should not be judged in the abstract but in light of the record in the case. In view of the previously cited evidence in this case, the inference of the petitioner's participation in the theft, including his commission of the burglary, is rational and "more likely than not to flow from" the predicate facts. *See id.* at 165, 99 S.Ct. at 2229. The court, therefore, concludes that the permissive inference contained in the challenged jury instruction that the petitioner participated in the theft did not violate his right to due process.

Therefore, IT IS ORDERED that the petition for a writ of habeas corpus be and hereby is denied.