724 P.2d 1233

**STATE of Arizona, Appellee,**

v.

**Steven Edward MOHR, Appellant.**

**No. 1 CA–CR 8837.**

Court of Appeals of Arizona,
Division 1, Department A.

March 20, 1986.

Reconsideration Denied April 29, 1986.

Review Denied Sept. 9, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

John W. Erickson, Prescott, for appellant.

## OPINION

MEYERSON, Judge.

Appellant was charged in Yavapai County with one count of trafficking in stolen property, a violation of A.R.S. § 13-2307(A), and one count of theft, a violation of A.R.S. § 13-1802(A)(1). A jury found appellant guilty as charged on both counts.

The facts, taken in a light most favorable to sustaining the verdict below, are as follows. On or about September 9, 1984, the Yavapai County residence of Donald Barrett was burglarized. Among the items taken were six rifles belonging to Barrett. On September 28, 1984, appellant, a resident of Yavapai County temporarily residing in Maricopa County, sold the six rifles for $450. All events relating to this sale took place in Maricopa County. This transaction later came to the attention of state and federal authorities, who traced the weapons to the burglary of the Barrett residence. A warrant was issued from Yavapai County for appellant's arrest. Appellant was arrested in California and waived extradition.

On appeal, appellant presents the following issues:

(1) Was venue proper in the Superior Court of Yavapai County?

(2) Was the jury improperly instructed as to the inference to be drawn from possession of recently stolen property?

(3) Did A.R.S. § 13–1802(B) require the trial court to limit the instruction concerning the inference of possession to the trafficking charge?

## I. VENUE

As previously stated, the six rifles were stolen from a residence in Prescott, which is in Yavapai County. Appellant is a resident of Yavapai County. He was living in Prescott at the time of the burglary and later temporarily resided at the time of the sale in Phoenix, which is in Maricopa County. Prior to trial, appellant moved to dismiss the prosecution based upon a lack of venue in Yavapai County. The motion recited that the crimes had occurred in Maricopa County and there was no act committed in Yavapai County giving the superior court in that county jurisdiction over the case. At the time of oral argument on the matter, the prosecutor indicated that one witness would testify that appellant had stated that he had brought the rifles from Prescott. The judge denied the pretrial motion.

At trial, this individual initially testified that appellant had told him and one other person that he had brought the rifles from Prescott. Under cross-examination, the witness admitted that no such statement had been made and that he had merely assumed that appellant had brought the rifles with him from Prescott. No other testimony expressly linked appellant to the burglary in Prescott. Appellant's motion to dismiss for lack of venue at the close of the state's case was denied. Appellant now contends on appeal that the trial court erred by not dismissing this prosecution for lack of venue in Yavapai County. At trial, there was no direct evidence showing that venue in Yavapai County was proper. The only evidence was the inference that could be drawn from the disappearance of the property from the victim's home in Yavapai County where appellant had visited, appellant's residence in that county at that time and his subsequent possession of the guns in Phoenix.

Venue of criminal prosecutions in Arizona is controlled by the Arizona Constitution, which provides:

> In criminal prosecutions, the accused shall have the right ... to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed....

Ariz. Const. Art. 2, § 24. Venue is proper in the county in which conduct constituting any element of the offense occurred. A.R.S. § 13–109(A). In a criminal case, proper venue is a jurisdictional requirement. *State v. Agnew*, 132 Ariz. 567, 647 P.2d 1165 (App.1982).

Venue may be proven by indirect or circumstantial evidence. *State v. Scott*, 105 Ariz. 109, 460 P.2d 3 (1969). For example, in *Antone v. State*, 49 Ariz. 168, 65 P.2d 646 (1937), the appellant contended that the state had failed to prove that the victim, whose body was found in a canal near the border in Yuma County, had not been killed in California or Mexico. In considering the venue issue, the Arizona Supreme Court found that circumstantial evidence could be considered in determining that Yuma County was the site of the crime. In *State v. Hester*, 145 Ariz. 574, 703 P.2d 518 (App. 1985), the appellant was charged with forging checks. The circumstantial evidence proving venue in Pima County was that the checks were cashed at a bank in Tucson.

■ These cases involve circumstantial evidence that was considerably stronger than the evidence in this case. We hold, however, that proof of venue need only be by a preponderance of the evidence, not proof beyond a reasonable doubt. Normally all elements of a crime must be proven beyond a reasonable doubt. There are important reasons why venue requirements should not be so construed. First, venue is a jurisdictional question and not an element of a crime. *See United States v. Hall*, 691 F.2d 48 (1st Cir.1982). Second, venue is not of the same nature as defenses which relate to guilt or innocence of the defendant. *See State v. Allen*, 293 N.W.2d 16 (Iowa 1980). For these reasons, we choose to follow a majority of the jurisdictions which

have considered this issue. *E.g., United States v. Durades,* 607 F.2d 818 (9th Cir. 1979); *People v. Arline,* 13 Cal.App.3d 200, 91 Cal.Rptr. 520 (1970); *State v. Wise,* 90 N.M. 659, 567 P.2d 970 (App.1977); *People v. Chaitin,* 94 A.D.2d 705, 462 N.Y.S.2d 61 (1983); *contra Tate v. People,* 125 Colo. 527, 247 P.2d 665 (1952); *People v. Longoria,* 117 Ill.App.3d 241, 72 Ill.Dec. 654, 452 N.E.2d 1350 (1983); *see generally Annot.,* 67 A.L.R.3d 988 (1975).

■ As mentioned above, appellant was charged with theft, A.R.S. § 13–1802(A)(1), and trafficking in stolen property. A.R.S. § 13–2307(A). One element common to both offenses is the control of the property of another. Applying the preponderance of the evidence standard which we have adopted herein, the question becomes whether the state proved by a preponderance of the evidence that appellant controlled the stolen property in Yavapai County. Appellant knew the victim of the theft and had been to his home. Appellant resided in Yavapai County at the time of the theft and was in subsequent possession of the stolen guns. From these facts, and the reasonable inferences therefrom, it could be found by a preponderance of evidence that appellant controlled the property of the victim in Yavapai County. Accordingly, the trial court was correct in refusing to dismiss the prosecution for lack of venue.

## II. STATUTORY PRESUMPTION

At the close of evidence, the judge instructed the jury as follows:

> You are instructed that proof that the Defendant was in possession of property recently stolen, unless satisfactorily explained, gives rise to the inference that the Defendant in possession of the property was aware of the risk that it had been stolen or in some way participated in its theft.

Appellant raises a variety of objections to this instruction. The instruction is substantially identical to the statutory inference created by A.R.S. § 13–2305(1). We hold that the instruction created an unconstitutional burden-shifting presumption.

The jury was instructed that proof that appellant possessed recently stolen property, "gives rise to the inference" that he was aware of the risk that it had been stolen, unless he satisfactorily explained his possession of the property. This instruction unconstitutionally shifted the burden of proof to appellant on an element of each offense—trafficking and theft—in violation of the principles enunciated in *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).

■ Preliminarily, we note that the instruction speaks of inferences, not presumptions. Ordinarily, an "inference is a conclusion which the law *permits* the jury to draw if it finds a given set of facts." *United States v. Burns,* 597 F.2d 939, 943 n. 7 (5th Cir.1979). This instruction, however, leaves no room for the jury to exercise its discretion. The jury was instructed that proof of appellant's possession of stolen property "gives rise" to an inference of appellant's knowledge that the property was stolen unless appellant satisfactorily explained his possession. A reasonable jury could interpret the words "gives rise" as a directive that it must find that appellant had knowledge the goods were stolen once the state proved he was in possession of the stolen property and if appellant had no satisfactory explanation of his possession. *Cf. State v. Moya,* 138 Ariz. 12, 672 P.2d 964 (App.1983) ("may determine" is permissive); *State v. Earby,* 136 Ariz. 246, 665 P.2d 590 (App.1983) ("may be inferred" is permissive). Accordingly, we view this instruction as creating a mandatory presumption—an instruction which tells the jury that it "must find the [ultimate] fact upon proof of the basic fact." *Ulster County v. Allen,* 442 U.S. 140, 157, 99 S.Ct. 2213, 2225, 60 L.Ed.2d 777 (1979); *see generally State v. Forrester,* 134 Ariz. 444, 657 P.2d 432 (App.1982).

Viewed in this light we hold that the instruction unconstitutionally shifted the burden of proof to appellant on the element of knowledge in each offense. This type of

presumption was categorized by the United States Supreme Court in *Francis v. Franklin* as a mandatory rebuttable presumption. The Court held:

A mandatory rebuttable presumption does not remove the presumed element from the case if the State proves the predicate facts, but it nonetheless relieves the State of the affirmative burden of persuasion on the presumed element by instructing the jury that it must find the presumed element unless the defendant persuades the jury not to make such a finding. A mandatory rebuttable presumption is perhaps less onerous from the defendant's perspective, but it is no less unconstitutional.

471 U.S. at 315–19, 105 S.Ct. at 1972–73. The Court was considering the following instruction:

The acts of a person of sound mind and discretion are presumed to be the product of the person's will, but the presumption may be rebutted. A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted.

*Id.* at 310–13, 105 S.Ct. at 1969–70. The Court found that the instruction created an unconstitutional burden-shifting presumption, because it "could have indicated to a reasonable juror that the defendant bore an affirmative burden of persuasion once the State proved the underlying act giving rise to the presumption." *Id.* at 318, 105 S.Ct. at 1973. Similarly, we hold that the instruction at issue here could have indicated to a reasonable juror that appellant bore the burden of persuasion to explain his possession of the property once the state offered proof that he was in possession of stolen property.

This same result has been reached in both pre-*Francis v. Franklin* and post-

*Francis v. Franklin* decisions.[1] In a theft case, the jury was instructed:

Possession of stolen property shall not constitute proof of the commission of the offense of theft; such facts shall place a burden on the possessor to remove the effect of such fact as a circumstance to be considered with all other evidence pointing to his guilt.

*State v. Kramp*, 200 Mont. 383, 391, 651 P.2d 614, 619 (1982). Relying on the pre-*Francis v. Franklin* decisions of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) and *Ulster County v. Allen*, the Montana court held the instruction unconstitutional because it took "away [the] defendant's presumption of innocence and force[d] him to testify, by placing a burden on him either to disprove unlawful possession or to prove lawful possession." 200 Mont. at 396, 651 P.2d at 621. Relying on *Francis v. Franklin*, the Supreme Court of Utah held the following instruction unconstitutional:

Possession of property recently stolen when no satisfactory explanation of such possession is made, shall be deemed prima facie evidence that the person in possession stole the property.

*State v. Chambers*, 709 P.2d 321, 324 (Utah 1985).

In reaching our conclusion, we acknowledge that "[f]or centuries courts have instructed juries that an inference of guilty knowledge *may be drawn* from the fact of unexplained possession of stolen goods." *Barnes v. United States*, 412 U.S. 837, 843, 93 S.Ct. 2357, 2362, 37 L.Ed.2d 380 (1973) (emphasis added). So long as they maintain their permissive feature, instructions which permit the inference of knowledge from the fact of possession, unless a satisfactory explanation is offered, satisfy due process. *Broesch v. Gagnon*, 615 F.Supp. 81, 85 (E.D.Wis.1985).[2]

---

**1.** Division Two of this court upheld the constitutionality of a substantially similar instruction in a pre-*Francis v. Franklin* ruling. *State v. Dixon*, 127 Ariz. 554, 560, 622 P.2d 501, 507 (App.1981); *see State v. Alfaro*, 127 Ariz. 578, 580–81, 623 P.2d 8, 10–11 (1980).

**2.** The instruction upheld in *Barnes v. United States* provided:

'Possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by

■ The instruction in this case was taken from A.R.S. § 13–2305(1). An instruction based upon this statute will be constitutional only if it is stated in permissive fashion:

> You are instructed that proof that defendant was in possession of property recently stolen, unless satisfactorily explained, *may give rise* to the inference that the defendant in possession of the property was aware of the risk that it had been stolen.

(Emphasis added.) The instruction approved of in *Barnes v. United States, supra,* note 2, which expressly tells the jury that they are not compelled to draw the inference, is preferable.

■ We now turn to the question of whether this error requires reversal. The Supreme Court "has not resolved whether an erroneous charge that shifts a burden of persuasion to the defendant on an essential element of an offense can ever be harmless." *Francis v. Franklin,* 471 U.S. at 325, 105 S.Ct. at 1977. Under present law, most courts recognize that the harmless error rule may be invoked if there was overwhelming evidence of the defendant's guilt or if the element of the crime was not at issue in the trial. *E.g., Bowen v. Kemp,* 769 F.2d 672, 676 (11th Cir.1985). We find neither situation applicable and accordingly reverse and remand this matter for further proceedings.

### III. A.R.S. § 13–1802(B)

■ Although we need not address appellant's third issue in light of our decision to reverse his conviction, we do so because the issue is likely to arise on remand. Appellant was charged with theft under A.R.S. § 13–1802(A)(1)—"[c]ontrol[ling]

property of another with intent to deprive him of such property." The statutory inference discussed in Section II, *supra,* may be used in theft cases, but by virtue of A.R.S. § 13–1802(B) it is limited to prosecutions under A.R.S. § 13–1802(A)(5)—"[c]ontrol[ling] property of another knowing or having reason to know that the property was stolen." Appellant urges that because the statutory presumption is restricted to theft under A.R.S. § 13–1802(A)(5), it was error for the trial court to apply it in a prosecution under A.R.S. § 13–1802(A)(1).

As explained above, so long as the inference of knowledge that property is stolen is permissive, the statutory presumption can survive constitutional scrutiny. In view of the long-standing judicial acceptance of this presumption, we do not view the legislative edict in A.R.S. § 13–1802(B) as precluding the use of the presumption, as interpreted herein, in prosecutions under A.R.S. § 13–1802(A)(1). *See generally Barnes v. United States.*

Reversed and remanded.

GREER, P.J., and KLEINSCHMIDT, J., concur.

---

the evidence in the case, that the person in possession knew the property had been stolen.

However, you are never required to make this inference. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant any inference which the law permits the jury to draw from the possession of recently stolen property.

．　．　．　．　．

．

In considering whether possession of recently stolen property has been satisfactorily explained, you are reminded that in the exercise of constitutional rights the accused need not take the witness stand and testify.

Possession may be satisfactorily explained through other circumstances, other evidence, independent of any testimony of the accused.' 412 U.S. at 840 n. 3, 93 S.Ct. at 2360 n. 3.