Clayton BROESCH, Jr.,
Petitioner-Appellant,

v.

John GAGNON, et al.,
Respondents-Appellees.

No. 85–2671.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 8, 1986.

Decided April 20, 1987.

Jack E. Schairer, Office of State Pub. Defender, Madison, Wis., for petitioner-appellant.

Thomas J. Balistreri, Asst. Atty. Gen., Wis. Dept. of Justice, Madison, Wis., for respondents-appellees.

Before CUMMINGS and CUDAHY, Circuit Judges, and CAMPBELL, Senior District Judge.[*]

WILLIAM J. CAMPBELL, Senior District Judge.

Petitioner-appellant Clayton Broesch, Jr. was convicted of burglary for the theft of a gasoline can and flashlight in the Circuit Court for Columbia County, Wisconsin. The conviction constituted a violation of his probation and he was sentenced to a six year-term of imprisonment to be served consecutively to a sentence for a previous conviction. Petitioner was denied post-conviction relief by the trial court and his conviction was confirmed by the Wisconsin Court of Appeals. The Wisconsin Supreme Court denied his request for review. Having exhausted his state court remedies Broesch petitioned the United States Dis-

* The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, is sitting by designation.

trict Court for the Eastern District of Wisconsin for habeas corpus relief pursuant to 28 U.S.C. § 2254. His petition was denied. 615 F.Supp. 81. We affirm.

On May 17, 1982 at approximately 1:30 a.m. Officer Kobishop saw petitioner's pick-up truck along the side of a country road near the Inselman farm. Stopping to help Broesch, he noticed petitioner remove a gas can from the bed of the truck and use it to pour gasoline into the gas tank. After doing a routine check, Kobishop learned there was a pending charge against petitioner for a probation violation. Broesch was then placed under arrest. Kobishop allowed petitioner to drive his truck back to his residence. Once there Broesch parked the truck—with the gas can still in the truck bed—and accompanied Officer Kobishop to the county jail.

Later that same day, the Inselman farm reported a burglary. A five gallon gas can and a flashlight were missing. Officer Kobishop returned to the trailer park where petitioner resided and walked to petitioner's truck. Kobishop testified he saw the gas can in the truck bed and it matched Inselman's description. Kobishop took the can as well as a flashlight in plain view on the floor of the passenger side of the pick-up. Kobishop claimed the flashlight also matched Inselman's description. Kobishop stated he seized the items without a warrant because exigent circumstances existed. He believed if the items were not seized at that point they may have disappeared.

The sole issue presented to us on appeal concerns an instruction given by the trial court to the jury. The pertinent part of the challenged instruction reads:

In this case, *there is circumstantial evidence that the defendant possessed recently stolen property.* This is circumstantial evidence from which you *may* reasonably find, in light of all the evidence in the case, that the defendant participated in the taking of the property. However, *the weight to be accorded such evidence is solely for you,* the jury,

*to determine* and should depend upon the time and place of the posession (sic) as well as all the other facts in the case. (Emphasis added).

Petitioner claims the instruction impermissibly shifted the burden to him to prove he was not involved in the taking of stolen property (see first italicized section). Petitioner asserts the province of the jury was invaded since the jury should have been asked to determine whether the items he possessed were in fact stolen. Petitioner adds the jury should have been given an instruction with the qualifying phrase, "*If you find* there is circumstantial evidence....". Petitioner concludes the instruction created a conclusive mandatory presumption requiring the jury to conclude he possessed recently stolen property and that the consequences were sufficiently prejudicial to require the granting of his habeas petition.

We agree with the district court that the instruction created a permissive inference which was not constitutionally offensive. We note at the outset that the instruction here is Wisconsin pattern jury instruction # 173 and petitioner in essence calls for us to rule it unconstitutional. We find his argument unpersuasive. In *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1982), the Supreme Court stated:

A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion.

105 S.Ct. at 1971 (footnote omitted).

The instruction at issue stated the fact that some evidence had been presented at trial that petitioner had a stolen gas can and flashlight in his truck. This much cannot be doubted. A citizen, John Inselman, had called Officer Kobishop at the police station to report a gas can and flashlight were missing from his farm. Kobishop testified

he had seen items fitting that description in petitioner's truck, returned to the truck and found items matching Inselman's description. Inselman later identified these items as the items that were stolen. Since the issue of Kobishop's warrantless seizure is not presented on appeal, it is easy to conclude there was indeed evidence that petitioner was in possession of a stolen gas can and flashlight.

The second sentence of the challenged instruction states from this circumstance (or from this circumstantial evidence) you, the jury, *may* reasonably find, taking into account all the other facts and circumstances (i.e., evidence) in the case, that petitioner participated in the burglary at Inselman's. Implicit in this verbiage to any reasonable juror is that he *may not* find, looking at all the other evidence, that petitioner had a role in the burglary. This language does not mandate to a reasonable juror he must infer petitioner had participated in the burglary. Rather it suggests to the jury "a possible conclusion to be drawn" (see *Franklin* language above). The final sentence of the pertinent part of the instruction advances additional cautionary language; i.e. that the weight to be accorded to any of the evidence (including petitioner's possession of the stolen items) "is solely for you the jury, to determine." Hence the instruction never mandates that any conclusions from any evidence need be drawn. Whether petitioner can advance another interpretation which conceivably reaches a different conclusion is irrelevant. The analysis is whether a reasonable juror would conclude he was free to weigh the evidence and reach whatever conclusion he saw fit. (See *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 2454, 61 L.Ed.2d 39 (1979). For reasons set forth above we do not believe the challenged instruction mandates that a juror must infer petitioner participated in the burglary if he possessed the gas can and flashlight. Therefore the denial of petitioner's habeas corpus petition by the district court is

AFFIRMED.