NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MAMAWALLDE ALBERT KEGLER, *Appellant.*

No. 1 CA-CR 15-0646
FILED 6-14-2016

Appeal from the Superior Court in Maricopa County
No. CR2015-111629-001
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

Mamawallde Kegler, San Luis
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

---

**J O H N S E N**, Judge:

**¶1**     This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Mamawallde Albert Kegler's conviction of theft of means of transportation, a Class 3 felony.  Kegler's counsel has searched the record on appeal and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999).  Counsel now asks this court to search the record for fundamental error.  Kegler has filed a supplemental brief identifying various issues, which we address below.  After reviewing the entire record, we affirm Kegler's conviction and sentence, but we correct the written judgment to reflect that Kegler was convicted by a jury and was sentenced as a repetitive offender.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**     A detective stopped Kegler while Kegler was driving a stolen vehicle.[1]  At the time, the detective did not know the vehicle had been stolen.  After the detective determined the vehicle was not registered to Kegler and the license plate did not match the vehicle, he impounded the vehicle, but allowed Kegler to leave.  About 15 minutes later, the detective received a report about a stolen vehicle matching the description of the car Kegler had been driving. Shortly thereafter, another officer detained Kegler and notified the detective.  When the detective arrived, Kegler asked him what was going on and detective told him, "Man, you lied to me.  That vehicle was stolen."  Kegler responded, "Oh man, you got me."  The detective told Kegler they would speak more at the precinct, but Kegler said that he did not want to talk to the detective anymore.

---

[1]     Upon review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Kegler. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        Following a three-day trial, a jury found Kegler guilty of theft of means of transportation.  The court sentenced Kegler as a repetitive offender to a mitigated term of 10 years' incarceration with credit for 181 days served.

¶4        Kegler timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033 (2016).[2]

## DISCUSSION

### A.        Issues Raised in Supplemental Brief.

#### 1.        Alleged *Miranda* violation.

¶5        Kegler argues the court erred in admitting his statement to the detective because it was made in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).  Kegler asserts the detective should have read him his *Miranda* rights before "interrogating" him.

¶6        *Miranda* requires that statements made during an interrogation of a suspect who is in custody are admissible only if police have informed the suspect of his or her constitutional rights.  *See State v. Zamora*, 220 Ariz. 63, 67-68, ¶ 10 (App. 2009).  "'Custodial interrogation' is '[q]uestioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'"  *Id.* at 68, ¶ 10 (quoting *Miranda*, 384 U.S. at 444).  But admission of a "spontaneous, voluntary statement that is not made in response to police interrogation does not violate [a] defendant's *Miranda* rights."  *State v. Carter*, 145 Ariz. 101, 106 (1985).

¶7        Although Kegler was detained when he made his "you got me" comment, the statement was not made in response to any question by officers.  The detective testified that Kegler voluntarily responded to the officer's statement: "Man, you lied to me.  That vehicle was stolen."  Kegler's testimony confirms what happened:

        [Counsel]: Did you ask [the detective] something?

---

[2]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

[Kegler]: I believe I asked him what's going on.

[Counsel]: And what did he say to you?

[Kegler]: He said, "You lied to me.  That vehicle is stolen."

[Counsel]: How did that make you feel?

[Kegler]: Even more confused because I was just pulled over a minute ago and it wasn't stolen and now it is, and I couldn't understand it.

[Counsel]: Now you say "a minute ago."  Do you mean literally a minute ago or was it just a short time?

[Kegler]: It was a short time ago.

[Counsel]: Were you upset?

[Kegler]: Yes, sir.

[Counsel]: And so did you say anything back to [the detective]?

[Kegler]: I believe I did.  I believe I said – and excuse my language – "Man, you got me f***ed up."

Under *Miranda*, the issue is whether Kegler's statement was made in response to police questioning.  The record shows the detective asked Kegler no questions.  Because Kegler's statement was not made in response to police interrogation, no violation of *Miranda* rights occurred.

### 2.    Alleged erroneous jury instruction.

¶8        Kegler contends the superior court improperly instructed the jury on possession.  He appears to take issue with the following jury instruction: "Proof of possession of property recently stolen, unless satisfactorily explained, may give rise to an inference that the defendant was aware of the risk that such property had been stolen."

¶9        Kegler was convicted under A.R.S. § 13-1814(A)(5) (2016): "A person commits theft of means of transportation if, without lawful authority, the person knowingly . . . [c]ontrols another person's means of transportation knowing or having reason to know that the property is stolen."  Although the statute does not expressly refer to possession, the

challenged instruction relates to the knowledge element of the crime (i.e. whether the person knew the property was stolen) and allows the trier of fact to infer knowledge from a defendant's possession of stolen property. Despite Kegler's contention, nothing prevented the court from issuing this instruction as long as it was permissive. *See State v. Mohr*, 150 Ariz. 564, 568 (App. 1986). Because the instruction allowed the jury to decide whether the inference applied, the court did not err in instructing the jury about possession.

### 3.    Motion to change counsel.

¶10        Kegler also argues the court erred in denying his request to change counsel. We review the denial of a motion to change counsel for an abuse of discretion. *State v. Cromwell*, 211 Ariz. 181, 186, ¶ 27 (2005).

¶11        "A criminal defendant has a Sixth Amendment right to representation by competent counsel." *State v. Moody*, 192 Ariz. 505, 507, ¶ 11 (1998). But a defendant is not "entitled to counsel of choice, or to a meaningful relationship with his or her attorney." *Id.* In fact, a defendant is entitled to a change of counsel only upon an irreconcilable conflict or a complete breakdown of communications with his lawyer. *State v. Torres*, 208 Ariz. 340, 342, ¶ 6 (2004).

¶12        One month before trial, Kegler requested a change of counsel; the court dismissed the motion without prejudice and explained to Kegler that if other issues arose, he was free to raise those concerns with the court. A day before trial, Kegler submitted a letter identifying the following concerns about his attorney: His attorney failed to obtain video footage of his alleged confession, failed to move for dismissal based on *Miranda*, failed to call the officer who testified at the grand jury, and failed to obtain copies of the officer's notes from the day of his arrest.

¶13        After noting it had reviewed the letter, the court denied Kegler's motion to change counsel. The court stated it had not seen any evidence that may entitle a defendant to a change of counsel. *See State v. LaGrand*, 152 Ariz. 483, 486-87 (1987) (factors relevant to request for new counsel include "whether an irreconcilable conflict exists between counsel and the accused, and whether new counsel would be confronted with the same conflict . . . and quality of counsel.").

¶14        The court did not abuse its discretion in denying the motion. Although Kegler alleged his attorney failed to obtain video footage from the patrol car, nothing in the record shows such evidence existed. As the

court stated, "[a]lthough [Kegler] may not like the fact that there are no dash cams in PPD cars, the facts are what they are."

¶15　　As for the remaining concerns Kegler raised, they are insufficient to show an irreconcilable conflict with his attorney. Rather, they appear to be disagreements over trial strategy, which is not a conflict that warrants appointment of new counsel. *See State v. Cromwell*, 211 Ariz. 181, 187, ¶ 30 (2005).

### 4.　　Alleged ineffective assistance of counsel.

¶16　　Kegler also seems to take issue with some aspects of his lawyer's trial strategy, such as allegedly insisting that Kegler take the stand in his own defense, failing to prevent the State from using a chart during closing argument, and failing to call another officer to rebut the detective's testimony. On direct appeal, we do not address claims of ineffective assistance of counsel. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002); *cf. State v. Lee*, 142 Ariz. 210, 215 (1984) (deciding what witness to call is a strategic decision and the power to decide questions of trial strategy resides with counsel).

### 5.　　Other arguments.

¶17　　Kegler argues the detective's testimony was inconsistent and omitted details provided in the police report. He also argues that the testimony of the owner of the car supported Kegler's assertion that he was only test-driving the car when police stopped him. On appeal, we will not review the jury's determination of the credibility of a witness. *See State v. Pike*, 113 Ariz. 511, 514 (1976); *State v. Acree*, 121 Ariz. 94, 96 (1978) ("[A] reviewing court in a criminal case does not weigh the evidence to decide whether it would reach the same conclusion as the trier-of-fact.").

¶18　　Kegler also argues the court should not have allowed the State to call an officer who was listed on Kegler's witness list. No authority, however, prevents the State from calling a witness simply because that witness is also a witness for defendant.

## B.　　Due-Process Review.

¶19　　The record reflects Kegler received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The court held appropriate pretrial hearings. Pursuant to Arizona Rule of Evidence 609, the court held a hearing on Kegler's prior convictions and sanitized his prior felony convictions. The

court did not conduct a voluntariness hearing but the record does not suggest a question about the voluntariness of Kegler's statements. *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

¶20        The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of eight members with one alternate. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed a legal sentence for the crime of which Kegler was convicted.

¶21        The sentencing minute entry erroneously reflects that Kegler waived his right to a jury trial and that he was sentenced as a non-repetitive offender. The transcript confirms that Kegler was found guilty by a jury and that the court sentenced Kegler to an enhanced sentenced based on two historical prior felony convictions. Accordingly, we correct the sentencing minute entry to reflect that Kegler was found guilty of theft of means of transportation after a trial by jury, and we also modify the minute entry to reflect that Kegler was sentenced as a repetitive offender pursuant to A.R.S. § 13-703(C), (J) (2016). *See State v. Bowles*, 173 Ariz. 214, 216 (App. 1992) (when an appellate court can determine the superior court's intent from the record, remand for clarification is unnecessary).

## CONCLUSION

¶22        We have reviewed the entire record for reversible error and find none, and therefore affirm the judgment of conviction, as modified, and resulting sentence. *See Leon*, 104 Ariz. at 300.

¶23        After the filing of this decision, defense counsel's obligations pertaining to Kegler's representation in this appeal have ended. Defense counsel need do no more than inform Kegler of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for

review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  On the court's own motion, Kegler has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration.  Kegler has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: AA